Jane DOE, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 3:94CV882.

United States District Court,
E.D. Virginia,
Richmond Division.

Sept. 20, 1995.

James Richard McGarry, Robert W. Mann, Young, Haskins, Mann & Gregory, P.C., Martinsville, VA, Phoebe B. Hall, Richmond, VA, for plaintiff Jane Doe.

Debra Jean Prillaman, Office of The U.S. Attorney, Richmond, VA, for defendant.

Alexander Wellford, Craig Thomas Merritt, Christian, Barton, Epps, Brent & Chappell, Richmond, VA, for interested party Richmond Newspapers, Inc.

### MEMORANDUM OPINION

SPENCER, District Judge.

THIS MATTER is before the Court upon the defendant's motion for summary judgment. For the reasons set forth below, the Court will DENY the defendant's motion.

### I.

Dr. Roy Salley, a psychologist at the Hunter Holmes McGuire Medical Center, a Department of the Veterans Affairs ("VA") Hospital, treated patient Jane Doe for a mental disorder. Jane Doe alleges that Dr. Salley used hypnotherapy in the course of treatment, allowing him to give her instructions to follow during her conscious hours. Subsequently, Dr. Salley began a sexual relationship with Doe while she was under hypnosis. At Dr. Salley's instruction, after each

session Doe had no memory of what had transpired.

Consequently, Doe filed the instant medical malpractice action against the United States of America, Dr. Salley's employer. She contends that Dr. Salley's actions violated the Federal Torts Claim Act, 28 U.S.C. § 2675(a).

## II.

When ruling upon a motion for summary judgment, the Court must determine whether there is a genuine issue of material fact to be adjudicated at trial. Fed.R.Civ.P. 56(c). There is no issue for trial unless sufficient evidence exists to support a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50, 106 S.Ct. 2505, 2510–11, 91 L.E.2d 202 (1986). When a moving party supports its motion with affidavits, the nonmoving party cannot rest on mere allegations, but must set forth specific facts in her response showing there is a genuine issue for trial. *Id.* at 250, 106 S.Ct. at 2511.

The party moving for summary judgment bears the initial burden of informing the Court of the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.E.2d 265 (1986). Any inferences "drawn from the underlying facts contained in the materials before the trial court must be viewed in the light most favorable to the party opposing the motion." *Helm v. Western Md. Ry.*, 838 F.2d 729, 734 (4th Cir.1988). Only after the movant's burden is met, and a properly supported motion is before the Court, must the party opposing the motion " 'set forth specific facts showing that there is a genuine issue for trial.' " *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511 (quoting Fed.R.Civ.P. 56(e)); *accord Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir.1991).

## III.

■ The United States argues that even if Doe's allegations are true, this action cannot survive a motion for summary judgment because Dr. Salley acted outside the scope of his employment. An employer is liable at common law for the wrongful acts of an employee that take place within the scope of the employee's employment. *See, e.g., Commercial Business Systems, Inc. v. BellSouth Services, Inc.*, 249 Va. 39, 453 S.E.2d 261 (1995) (reversing summary judgment ruling that employer was not liable because employee was not acting within the scope of employment); *see also Martin v. Cavalier Hotel Corp.* 48 F.3d 1343, 1351 (4th Cir.1995) (affirming jury verdict ruling employer was liable because employee was acting within the scope of employment). It is the employer's burden to show that the employee "was not acting within the scope of his authority when he committed the acts complained of, and, if the evidence leaves the question in doubt, it becomes an issue for determination by a jury." *BellSouth*, 453 S.E.2d at 265; *accord Martin*, 48 F.3d at 1351.

■ The determination of whether an employee's actions are within the scope of his employment requires an examination of *when* the act took place, *where* it took place, and whether it was *foreseeable*. *See generally* Restatement (2d) of Agency §§ 210–45 (1958). Recently, the Fourth Circuit revisited the issue in the *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343 (4th Cir.1995). The court held an employer liable for the sexual assaults a supervisor committed against another employee, finding that the tortious acts occurred within the scope of the supervisor's employment. *Id.* In reaching its decision, the court noted that the assaults happened in the workplace and during working hours. Second, the court found that the sexual assaults were foreseeable because the employer had specific policies prohibiting them. *Id.* at 1352.

■ In the case at bar, Dr. Salley's acts took place during regularly scheduled therapy sessions with Doe and during employer recognized working hours. Furthermore, the tortious acts occurred in Dr. Salley's office, an office that the VA Hospital provided for Dr. Salley's use to carry out the hospital's mission of psychiatric treatment. Finally, Dr. Salley's acts were foreseeable. Surely Dr. Salley's supervisor understood the potential for health care providers to sexually abuse their patients. Indeed, most of the public at large is aware of the existence of

ethical edicts prohibiting the abuse of vulnerable psychiatric patients.

■ In addition, the Fourth Circuit recognized that an "employer may be liable for an employee's acts even if the employee's motive is to benefit the employee and to 'advance his self-interest, rather than the interest [of his employer].'" *Martin,* 48 F.3d at 1351 (quoting *BellSouth,* 453 S.E.2d at 266). Moreover, a "forbidden" or even "consciously criminal or tortious act" may fall within the scope of employment. Restatement 2d of Agency §§ 230, 231, 235–36; *see also Tri–State Coach Corp. v. Walsh,* 188 Va. 299, 49 S.E.2d 363, 367 (1948).

> '[T]he test of liability of the [employer] for the tortious act of the [employee] is not whether the tortious act itself is a transaction within the ordinary course of business of the [employer], or within the scope of the [employee's] authority, but whether the *service itself,* in which the tortious act was done, was within the ordinary course of such business or within the scope of such authority.'

*Martin v. Cavalier Hotel Corp.* 48 F.3d 1343, 1351 (4th Cir.1995) (emphasis added) (quoting *BellSouth Services,* 249 Va. at 45, 453 S.E.2d. at 265).

Here, the VA Hospital that employed Dr. Salley is in the business of rendering psychological services. Dr. Salley's tortious acts occurred during the therapy sessions with Jane Doe. It follows that Dr. Salley committed the unlawful acts while carrying out his employment duties. As such, sufficient evidence exists to present an issue for the fact finder as to whether Dr. Salley was acting within the scope of his employment with the United States. Accordingly, the defendant's motion for summary judgment will be DENIED.